SNELL et al. v. DELAWARE INSURANCE COMPANY. (b)

*Measure of damages.—Evidence of value.*

On an open policy of insurance, the assured is entitled to recover according to the actual value of the vessel, at the time she was insured, and not according to her prime cost.

Evidence of prime cost is admissible, to show her real value, but it is not conclusive against the assured.

COVENANT, on an open policy for $2500, at a premium of ten per cent., upon the brig Hound, on a voyage from Jamaica to New York.

The facts were these : the brig and cargo, belonging to the plaintiffs, sailed on a voyage from New York to Curaçoa, and back again ; but, upon the return voyage, she was captured by a British cruiser, and carried into Jamaica, where vessel and cargo were libelled and condemned, on the 31st of July 1804, for a breach of blockade. The master, conceiving that the vessel would be sold, under her value, requested Messrs. Campbell & O'Hara, of Kingston, to buy her in for the owners, which was accordingly done, at the price of 1020l., equal to about $3500. For the price of the vessel, amount of repairs, outfits, &c. (in the whole 1939l. 4s. 11d.), advanced by Campbell & O'Hara, those gentlemen took from the master an hypotheca-tion of the vessel, to guaranty the payment of a bill of exchange, which he drew upon the owners : and on the 9th of August 1804, they requested Messrs. Savage & Dugan to procure insurance upon the vessel for $5000 ; which was effected at the office of the Phœnix Insurance Company, upon the following instructions :

*431]    *" Brig Hound, Thomas W. Fuller, master, at and from Jamaica to New York. We expect she sailed on or about 16th ult., and is represented as a fine coppered vessel: 5000 dollars. Said vessel was con-demned at Jamaica and purchased for the former owners. This insurance was made to cover the sums advanced, whether the same be secured by a bottomry-bond or conditional assignment or otherwise howsoever. Premium five per cent.

" Phœnix Insurance Company."

The owners of the vessel being advised of these proceedings, stated to Savage & Dugan, that the above insurance was not sufficient to cover her real value, and directed a further insurance for $2500, which was effected by the present policy. The vessel sailed from Jamaica, in August 1804 ; but was never heard of afterwards. At the expiration of a year, the

---

(b) s. c. 1 W. C. C. 509.

Phœnix Insurance Company paid the amount of their subscription; but the defendants refused payment, on which this suit was instituted.

At the trial of the cause, the only disputed question was, whether the plaintiffs could go into evidence to prove the actual value of the vessel insured; or were bound by the price which was paid for her under the condemnation, at Jamaica? On the first ground, the sums insured upon both policies, would be about the value; and on the second ground, the amount received from the Phœnix Insurance Company, would be about sufficient to cover the loss. (*a*)

*Dallas*, for the plaintiffs, maintained the first ground, and cited, 2 Marsh. 529, 534, 535; Park 282, 287; 1 Emerig. 263; Val. art. 8, p. 64, 56, 136; Mill. 247, 251, 264; 1 Caines 573; 2 Ibid. 20, 23.

*Rawle* and *Condy*, for the defendants, urged, that the plaintiffs had no right to insure more than the vessel cost them at Jamaica; that the court ought not to direct the jury to inquire into the value there, beyond the cost; and that the plaintiffs, having recovered the original value from the underwriters, upon the voyage to Curaçoa, had no right to resort to that criterion of value on the present occasion. But—

THE COURT were clearly of opinion, that the plaintiffs were entitled to prove and to recover the actual value of the vessel, at the time she was insured. They said, a contrary rule would operate as injuriously to the underwriters, as to the merchant. For, if the merchant could not insure a ship or goods, bought at a depreciated *price, under a forced sale, [*432 at their real value; neither would the underwriter, in a case of loss, be entitled to show, upon an open policy, the actual value of the property, independent of a fortuitous enhancement of the price in ·a foreign market. (*b*)

The jury found a verdict for the plaintiffs, for $2378.32, taking, it is presumed, the value in the outward policy as the basis of their calculation.

---

(*a*) It appeared in evidence, that the vessel was built in 1802, when she cost $8500; that when she sailed from New York, in May 1804, she was worth between $7000 and $7500; that she was insured on the voyage to Curaçoa, in a valued policy, at $7000; and that she had been completely repaired at Jamaica.

(*b*) "As to the rule of ascertaining the value of a ship, it is agreed on all hands, that the sum she was worth, at the time of her departure, including certain expenses, is to govern, and the court can perceive no reason for establishing this rule, which does not apply to the case of goods:" *per* WASHINGTON, J., Carson *v.* Marine Ins. Co., 2 W. C. C. 472.